124 F.3d 206
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Robert RODRIQUEZ, Defendant-Appellant.
 No. 93-3535.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1997
Decided June 30, 1997.
 
 Appeal from the United States District Court for the Southern District of Illinois, East St. Louis Division, No. 93 CR 30025; William D. Stiehl, Judge.
 Before COFFEY, KANNE, and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 By order dated March 5, 1997, this court denied the motion to withdraw filed by counsel for appellant Robert Rodriquez and ordered merits briefing on a possible sentencing error. Although we agreed at that time that the potential issues that Rodriquez's counsel had identified in his Anders brief (see Anders v. California, 386 U S. 738, 87 S.Ct. 1396 (1967)) as well as the issues that Rodriquez had raised in his own brief were legally frivolous, we had some doubt as to whether the correct base offense level had been used in sentencing Rodriquez. With the benefit of the briefing we ordered on that question, we are satisfied now that no sentencing error occurred.
 
 
 2
 What prompted us to order briefing was an apparent discrepancy between the amount of cocaine attributed to Rodriquez in the plea agreement, the accompanying stipulation of fact, and the presentence report (which the district court adopted) and the base offense level used to calculate the sentencing range. The parties had agreed that Rodriquez should be held responsible for at least 50 but less than 150 kilograms of cocaine or the equivalent amount of cocaine base--at least 500 grams but less than 1.5 kilograms. See R. 359 at 5 p 3 (plea agreement); R. 360 at 2 (stipulation of fact); R. 505 at 4 p 9 (presentence report). Rodriquez was sentenced in October of 1993, and the 1992 version of the Sentencing Guidelines applicable at that time specified a base offense level of 36 for those amounts of cocaine and cocaine base. See U.S.S.G. §§ 2D1.1(a)(3), 2D1.1(c)(4) (Nov.1992). Without explanation, however, the plea agreement reflected a base offense level of 40, not 36. R. 359 at 4 p 2. The probation officer's presentence report reflected the same base offense level, but cited § 2D1.1(c)(2) of the Guidelines as the authority for that level. R. 505 at 5 p 17. That provision would have applied, however, only if the defendant had been responsible for a greater amount of narcotics--at least 500 but less than 1500 kilograms of cocaine or at least 5 kilograms but less than 15 kilograms of cocaine base. In the absence of any other explanation in the record for why this base offense level was used, we thought it possible that a mistake had been made and that Rodriquez had been sentenced to a longer prison term as a result. See United States v. Robert Rodriquez, No. 93-3535, Order at 9-10 (7th Cir. Mar. 5, 1997).
 
 
 3
 What the government's brief discloses to us for the first time, however, is that there was an additional step in calculating Rodriquez's base offense level that was not reflected in either the plea agreement or the presentence report. When the defendant had been convicted of engaging in a continuing criminal enterprise, as Rodriquez was, section 2D1.5(a)(1) of the 1992 Guidelines called for an addition of four levels to the base offense level otherwise specified by section 2D 1.1. Adding four levels to the offense level of 36 corresponding to the narcotics quantity for which Rodriquez was held accountable produced the base offense level of 40 reflected in both the plea agreement and the presentence report. A subsequent three-level reduction for Rodriquez's acceptance of responsibility ( § 3E1.1(b)) yielded a final adjusted offense level of 37 and (coupled with a criminal history category of IV) produced a sentencing range of 292 to 365 months. R. 505 at 6, 11 pp 26, 61. Rodriquez was given a sentence at the bottom of that range--292 months. R. 503.
 
 
 4
 Our questions about the calculation of Rodriquez's offense level and sentencing range have thus been resolved. We note that although Rodriquez was given the opportunity to file a reply brief, he has not done so, suggesting to us that his counsel concurs in the government's explanation. It is unfortunate that the four-level addition specified by section 2D1.5(a)(1) was not reflected in any of the pertinent documents below. Had it been, we would not have been left with the questions that prompted us to order briefing on this issue.
 
 
 5
 For the reasons set forth in this order as well as our order of March 5, 1997, we now AFFIRM Rodriquez's conviction and sentence.